## URBAN C. WHITFORD
*vs.*
## GRISWOLD MORGAN, EXTR.

Superior Court     New London County     File No. 14327

MEMORANDUM FILED OCTOBER 6, 1942.

*Brown & James,* of Norwich, for the Plaintiff.

*George C. Morgan,* of New London, for the Defendant.

Memorandum of decision in action on note.

INGLIS, J. On April 25, 1903, Abel P. Tauner, the defendant's decedent, made his promissory note for $1,500 payable on demand to the order of the plaintiff's father, Urban O. Whitford, with interest at the rate of five per centum per annum. In 1923 Urban O. Whitford handed the note to the plaintiff, saying that he gave it to him, and at that time the father intended to make a gift of the note to his son. He did not, however, indorse it. No part of the principal of the note has been paid. The interest was paid regularly each year by the decedent to the plaintiff from the time that the note was given to the plaintiff until the spring of 1938. The plaintiff's father died in 1928 and in 1934 or 1935 the plaintiff and Tauner had a conversation in which in reply to a question by the plaintiff, Tauner, who was a lawyer, assured him that it was not necessary to have the note changed so as to be payable to the plaintiff personally.

Said Tauner died on March 23, 1940, the defendant was appointed administrator of his estate on April 23, 1940, and the period of six months from the latter date was limited for the presentation of claims. The plaintiff's claim was disallowed on December 18, 1940, and this action was instituted on April 16, 1941.

The defendant makes three claims. The first is that the note is buried by the statute of limitations. The finding that interest on the note was paid as late as March or April of 1938, however, disposes of that claim.

The second contention is that in as much as the plaintiff's father did not indorse the note, the plaintiff never acquired title to the note. It is of course true that in order to negotiate a note so as to carry all of the incidents of negotiability, the note must be indorsed. (Gen. Stat. [1930] §§4347, 4348.) That, however, is not the question involved here. The question here is not as to whether this note was "negotiated" but as to whether title or ownership passed by the manual delivery of the note with an intention to make a gift. The Negotiable Instruments Act itself (§4366) recognizes that title to a note may pass without indorsement, at least where the transfer is for value. Aside from that, it is generally held that negotiation as provided in the Act is not an exclusive method of transferring ownership, but that title may be passed by delivery

without indorsement, provided the transfer in some manner shows the making over to another of the right or interest in the note.   10 *C.J.S. Bills and Notes* §226, p. 717.   Moreover, in Connecticut the case of *Brown vs. Brown,* 18 Conn. 410, holds that a gift *causa mortis* is valid where there is a delivery of a note unindorsed with an intent to make a gift *causa mortis.*   If such a delivery and intent is all that is necessary to complete a gift *causa mortis* there is no reason why such a delivery with an intent to make a present gift does not constitute a good gift *inter vivos.*   It is therefore concluded that the gift of the note to the plaintiff was sufficient to transfer the ownership of the note to him.

The third point made by the defendant is that, granting that the ownership of the note passed to the plaintiff, nevertheless, taking the note as he did without indorsement, he took it subject to any infirmities therein, and that one of those infirmities appears to have been that the note was outlawed at that time.   It is of course true that no evidence was introduced on the trial that interest had been paid on the note within the six years prior to the date of the transfer of the note to the plaintiff.   But however that might be, Tauner is estopped by his statements in 1934 or 1935 acknowledging the validity of the note to now claim that it was outlawed at the time the plaintiff acquired it, and in any event the continued payments of interest down to 1938 would remove the bar of the statute.

In his brief the defendant refers to a claimed variance between the complaint and the proof as regards the method by which the plaintiff acquired the note.   Before the start of the trial the plaintiff was granted leave to amend the complaint so as to allege a gift from his father, with the understanding that a written amendment would be filed later.

After that amendment is filed judgment may enter for the plaintiff to recover of the defendant $1,836 and his taxable costs.